JUDGE ENGELMAYER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 6909

------------------------------------------------------------X

COLLETTE HENRY,

                Plaintiff,

-against-

NYC HEALTH AND HOSPITAL CORPORATION,
CITY OF NEW YORK, LIEUTENANT JOHN
ARENA, individually and in his personal capacity,
CAPTAIN RONNEL BOYLAN, in his individual and
official capacity, JOHN AND JANE DOES 1-10, indi-
vidually and in their personal capacity, XYZ
MUNICIPAL CORPORATIONS AND ENTITIES 1-
10.

                Defendants.

------------------------------------------------------------X

INDEX NO.: _____

Complaint and Jury Demand

RECEIVED SEP 30 2013 U.S.D.C. S.D.N.Y. CASHIERS

## INTRODUCTORY STATEMENT

This case is about an exemplary employee who was the subject of harassment and discrimination on the basis of her race, color, gender, and ethnicity. Plaintiff was also subject to a hostile work environment and retaliation when she voiced concern about her unlawful treatment. Accordingly, the Plaintiff comes now before this Court and seeks protection under the Civil Rights Act of 1964, as well as other Federal and State statutes that protect her rights.

## JURISDICTION AND VENUE ALLEGATIONS

1. This court has jurisdiction over this action under 42 U.S.C.A § 2000e-5(f) and under 28 U.S.C.A. §§ 1331 and 1343(4).

2. Venue is appropriate in this District as all of the acts giving rise to this action occurred within this District and the Defendant resides in this District.

3. Plaintiff has obtained a right to sue letter from the EEOC within the last 90 days.

## PARTIES

4. Plaintiff is of African America descent and a citizen of the United States.

5. Defendant NYC Health and Hospital Corporation ("HHC") is a Municipal Corporation located in New York County.

6. Defendant City of New York is a municipal entity organized under the laws of the State of New York.

7. Defendants HHC and City of New York are employers of at least several thousand people.

8. Defendant Arena is an individual at all relevant times working for the Defendant HHC.

9. Defendant Boylan is an individual at all relevant times working for Defendant HHC.

## FACTS

10. At all times mentioned herein, Plaintiff was an employee of the HHC.

11. She was employed as a police officer.

12. Defendant Arena was her supervisor, and supervised many police officers.

13. Defendant Arena made several racially charged and discriminatory remarks.

14. On one occasion, during roll-call and in front of other police officers, Defendant Area publicly admonished the Plaintiff while she was sitting in another room because he claimed that hair and skin tone did not match.

15. He told her, in sum and substance, that someone with black skin should not have blonde hair.

16. Defendant Arena then proceeded to remove the Plaintiff from her office and send her home.

17. Defendant Arena then proceeded to deny Plaintiff overtime because of the color of her hair and skin tone.

18. Defendant Arena apparently took exception that someone of African descent with a dark skin tone could have blonde hair.

19. Defendant Arena continued to interfere with Plaintiff's job responsibilities, including refusing her overtime, sending her home, and instructing other commanders to not work with her.

20. Defendant Arena's harassment was clear to all, and Plaintiff complained about his conduct.

21. After Plaintiff complained and/or the conduct because know to others, Defendants Arena and Boylan concocted a scheme to have Plaintiff written up on false charges of sleeping at work.

22. The Defendants had no evidence of this charge, yet persisted in pursuing it in an effort to teach Plaintiff a lesson about being vocal about how she was being treated.

23. The Defendants also sought to discredit the Plaintiff and ostracize her from other law enforcement co-workers.

24. Indeed, Plaintiff was given worse assignments than others, despite her seniority, and was given undesirable shifts normally relegated to newer hires.

25. Defendant Arena continued to publicly mock the Plaintiff's hair color and skin tone on several occasions.

26. The Defendants thus maintained and perpetrated a hostile work environment.

27. Plaintiff was forced to endure Defendants perpetual statements of harassment, focusing

on her gender, skin tone, and race.

28. When Plaintiff complained about the conduct to other supervisors, she was retaliated against when, amongst other things, the Defendants denied her overtime, gave her undesirable shifts, and brought her up on false charges such as sleeping at her post.

29. Defendant HHC and City of New York knew or should have known that the individual Defendants were prone to cause Plaintiff injury, including emotional injury, pain and suffering.

30. Indeed, it has been widely reported that Defendant John Arena was a former police officer who was investigated and indicted for corruption by the U.S. Attorney's Office while he was a police officer for the City of New York.[1]

## Count I Violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17

31. Plaintiff re-alleges each and every Paragraph as if alleged herein.

32. Defendants treated Plaintiff adversely because of his national origin, skin tone, and/or race.

33. Such conduct is a clear violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17.

## Count II Hostile Work Environment

34. Plaintiff re-alleges each and every Paragraph as if alleged herein.

35. Defendants created a hostile work environment by continuously disparaging the Plaintiff

---

[1] See http://www.nytimes.com/1994/04/25/nyregion/paths-scandal-special-report-stories-courage-sacrifice-corruption-betrayal-blue.html?pagewanted=all&src=pm

about her looks, race, gender, and skin color, and repeatedly making offensive comments about these attributes in public to other co-workers.

36. Defendants also continued to demote Plaintiff and refuse to afford her the rights and privileges of other similarly situated employees, namely refusing to give her the overtime she deserved and making her work undesirable shifts that someone with her experience would not normally work.

37. At all relevant times, Defendant City of New York and the HHC knew of the individual Defendants' conduct, and their propensity to commit such egregious actions.

## Count III-Retaliation

38. Plaintiff re-alleges each and every Paragraph as if alleged herein.

39. The Defendants retaliated against the Plaintiff when she complained about the unlawful treatment of her.

40. This included, amongst other things, the Defendants denied her overtime, gave her undesirable shifts, and brought her up on false charges such as sleeping at her post.

41. Said conduct was unlawful as it was punishing her for speaking out against the unlawful treatment of her.

42. Indeed, the sole aim of the aforementioned conduct was to inhibit the Plaintiff from speaking out about the conduct.

WHEREFORE, Plaintiff prays that this Court grant judgment to her containing the following relief:

1. An order that Defendants transfer Plaintiff to another position with the same or higher status, salary increments, bonuses and benefits,

2. An award to Plaintiff of her actual damages in an amount to be determined at trial for loss

of wages, benefits, and promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits;

3. An award to Plaintiff of the costs of this action, together with her reasonable attorneys' fees; and

4. Such other and further relief as this Court finds just and proper.

Dated: September 23, 2013

By Plaintiff's Attorney,

Aymen A. Aboushi, Esquire
SDNY Bar ID: AA5151
The Aboushi Law Firm PLLC
1441 Broadway, 5th Floor
New York, NY 10018
Tel: 646.569.5544
Fax: 646.617.7191
Aymen@Aboushi.com
www.Aboushi.com