UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

COLLETTE HENRY,

               Plaintiff,

-against-

NYC HEALTH AND HOSPITAL CORPORATION,
LIEUTENANT JOHN ARENA, individually and in
his personal capacity, CAPTAIN RONNEL BOY-
LAN, in his individual and official capacity, JOHN
AND JANE DOES 1-10, individually and in their per-
sonal capacity, XYZ MUNICIPAL CORPORATIONS
AND ENTITIES 1-10.

               Defendants.

Civ. No. 13-6909

Amended Complaint and Jury Demand

------------------------------------------------------------------ X

## INTRODUCTORY STATEMENT

This case is about an exemplary employee who was the subject of harassment and discrimination on the basis of her race, color, gender, and ethnicity. Plaintiff was also subject to a hostile work environment and retaliation when she voiced concern about her unlawful treatment. Accordingly, the Plaintiff comes now before this Court and seeks protection under the Civil Rights Act of 1964, as well as other Federal and State statutes that protect her rights.

## JURISDICTION AND VENUE ALLEGATIONS

1. This court has jurisdiction over this action under 42 U.S.C.A § 2000e-5(f) and under 28 U.S.C.A. Sections 1331 and 1343(4).

2. Venue is appropriate in this District as all of the acts giving rise to this action occurred within this District and the Defendant resides in this District.

## PARTIES

3. Plaintiff is of African America descent and a citizen of the United States.

4. Defendant Health and Hospital Corporation ("HHC") is a Municipal Corporation located in New York County, and employs several thousand people.

5. Defendant Arena is an individual at all relevant times working for the Defendant HHC.

6. Defendant Boylan is an individual at all relevant times working for Defendant HHC.

## FACTS

7. At all times mentioned herein, Plaintiff was an employee of the New York City Health and Hospitals Corporation.

8. Plaintiff is an African-American Female, with dark brown skin and blonde hair.

9. She was employed as a police officer by the Defendant HHC.

10. Defendant Arena was her supervisor, and supervised many police officers.

11. Defendant Arena made several racially charged and discriminatory remarks.

12. On one occasion, during roll-call and in front of other police officers, Defendant Area publicly admonished the Plaintiff while she was sitting in another room because he claimed that hair and skin tone did not match.

13. He told her, in sum and substance, that someone with black skin should not have blonde hair.

14. Plaintiff's hair is the same color as several non-black employees.

15. Defendant Arena meant his remarks to say that black women should not have light colored hair.

16. Defendant Arena then proceeded to remove the Plaintiff from roll call and send her

home. He directly referenced Plaintiff's skin tone before sending her home because her skin tone did not match her hair.

17. Plaintiff soon thereafter complained to other supervisors of Arena's conduct.

18. Arena was confronted by supervisors about his treatment of Plaintiff, and the statements he made about her hair and skin tone. But that did not stop him from discriminating against the Plaintiff, decided to retaliate against the Plaintiff.

19. Defendant Arena proceeded to deny Plaintiff overtime she was entitled to.

20. On one occasion when he denied her overtime, he told Plaintiff, in sum and substance, that someone with her skin tone and hair color will not be permitted to work under him.

21. He refused to grant Plaintiff overtime work, despite the fact that she was next on the list for overtime, because of the color of her skin and hair, and the fact that she spoke out against his conduct regarding her hair and skin.

22. Defendant Arena apparently took exception that someone of African descent with a dark skin tone could have blonde hair.

23. At all relevant times Plaintiff was supremely qualified for her position, and in no way was the conduct described herein the result of any normal discipline.

24. Plaintiff at all times conformed to the workplace dress code and rules and regulations, and is supremely qualified for her position. There was no lawful reason to send her home or deny her overtime work.

25. Defendant Arena continued to interfere with Plaintiff's job responsibilities, including refusing her overtime, sending her home, and instructing other commanders to not work with her.

26. Defendant Arena's harassment was clear to all, and Plaintiff complained about his conduct.

27. After Plaintiff complained and/or the conduct became known to others, Defendants Arena and Boylan concocted a scheme to have Plaintiff written up on false charges of sleeping at work.

28. Defendants Arena and Boylan aided and abetted the racial and gender discrimination of Plaintiff by, in addition to the other instances described above, concocting a scheme to manufacture charges against her so that she could not work.

29. They did not like that Plaintiff had light hair and dark skin, or that she spoke out against their unlawful conduct. Indeed, Caucasian employee are not subject to any of the aforementioned conduct.

30. Moreover, no male employee was subject to the humiliation and discrimination Plaintiff faced.

31. Indeed, no male employee was sent home from work for not having their skin color match their hair style and/or color.

32. It is clear from the actions of the Defendants, including the retaliation, that they sent Plaintiff home from work and refused to permit her to work the overtime she was entitled to, because of her skin tone and gender.

33. Upon information and belief, the manufacturing of charges against the Plaintiff was in retaliation of her complaining about Defendant Arena's conduct.

34. Upon information and belief, the manufacturing of charges against the Plaintiff was the result of them not wanting her to work because of the color of her skin and hair.

35. The Defendants had no evidence of this charge, yet persisted in pursuing it in an effort to teach Plaintiff a lesson about being vocal about how she was being treated.

36. The Defendants also sought to discredit the Plaintiff and ostracize her from other law enforcement co-workers.

37. Indeed, Plaintiff was given worse assignments than others, despite her seniority, and was given undesirable shifts normally relegated to newer hires.

38. Defendant Arena continued to publicly mock the Plaintiff's hair color and skin tone on several occasions.

39. The Defendants thus maintained and perpetrated a hostile work environment.

40. Plaintiff was forced to endure Defendants perpetual statements of harassment, focusing on her gender, skin tone, and race.

41. When Plaintiff complained about the conduct to other supervisors, she was retaliated against when, amongst other things, the Defendants denied her overtime, gave her undesirable shifts, and brought her up on false charges such as sleeping at her post.

42. Defendant HHC knew or should have known that the individual Defendants were prone to cause Plaintiff injury, including emotional injury, pain and suffering.

43. Indeed, it has been widely reported that Defendant John Arena was a former police officer who was investigated and indicted for corruption by the U.S. Attorney's Office while he was a police officer for the City of New York.[1]

---

[1] See http://www.nytimes.com/1994/04/25/nyregion/paths-scandal-special-report-stories-courage-sacrifice-corruption-betrayal-blue.html?pagewanted=all&src=pm

44. Plaintiff obtained a "Right to Sue" letter from the EEOC and has exhausted all applicable administrative requirements before pursuing this action.

## Count I Violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 and New York State and City Human Rights Law

45. Plaintiff re-alleges each and every Paragraph as if alleged herein.

46. The aforementioned conduct violates Title VII prohibiting discrimination, as well as the New York State and City law prohibiting the same.

## Count II Racial Discrimination Pursuant Section 1981

47. Plaintiff re-alleges each and every Paragraph as if alleged herein.

48. The Defendants' conduct was intentional and aimed solely to discriminate and harass the Plaintiff because of her gender, skin tone, and race.

49. The aforementioned conduct violates 28 U.S.C. Section 1981.

## Count III-Retaliation-Title VII, New York State and City Law

50. Plaintiff re-alleges each and every Paragraph as if alleged herein.

51. The Defendants retaliated against the Plaintiff when she complained about the unlawful treatment of her.

52. This included, amongst other things, the Defendants denied her overtime, gave her undesirable shifts, and brought her up on false charges such as sleeping at her post.

53. Said conduct was unlawful as it was punishing her for speaking out against the unlawful treatment of her.

54. Indeed, the sole aim of the aforementioned conduct was to inhibit the Plaintiff from speaking out about the conduct and to teach her a lesson for doing so.

<u>Count V. Violation of Executive Law § 296 and Administrative Code § 8-107</u>

55. Plaintiff re-alleges each and every Paragraph as if alleged herein.

56. Defendants' disparate treatment of Plaintiff, including plaintiff's discharge from employment on the basis of her gender, skin tone, and race, was in violation of the New York State and City Human Rights Law.

WHEREFORE, Plaintiff prays that this Court grant judgment to her containing the following relief:

1. An order that Defendants transfer Plaintiff to another position with the same or higher status, salary increments, bonuses and benefits,

2. An award to Plaintiff of her actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits;

3. An award to Plaintiff of the costs of this action, together with her reasonable attorneys' fees; and

4. Such other and further relief as this Court finds just and proper.

Dated: January 6, 2014

By Plaintiff's Attorney,

Aymen A. Aboushi, Esquire
SDNY Bar ID: AA5151
The Aboushi Law Firm PLLC
1441 Broadway, 5th Floor
New York, NY 10018
Tel: 212.391.8500
Fax: 212.391.8508
Aymen@Aboushi.com
www.Aboushi.com